UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AL TOUSSAINT,

                *Plaintiff,*

     -against-

LEXISNEXIS RISK SOLUTIONS INC.,

                *Defendant.*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

By and through the undersigned counsel, Plaintiff Al Toussaint ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

### Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendant LexisNexis Risk Solutions Inc. ("LexisNexis" or the "CRA Defendant") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

### Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

4. A substantial portion of the harm Defendant caused Plaintiff due to its FCRA violations was suffered by Plaintiff in this Judicial District.

**The Parties**

5.  Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides

    in Bellport, New York.

6.  Defendant LexisNexis is a foreign entity that conducts business in the State of New York,

    and is a "consumer reporting agency" within the meaning of the FCRA.

**Plaintiff's Claims Against Defendant Pursuant to**
**the Fair Credit Reporting Act**

7.  Plaintiff is a victim of a mixed file.[1]

8.  Defendant LexisNexis mixed Plaintiff's consumer file with his son's.

9.  This mixing resulted in automobile insurance claims records belonging to Plaintiff's son

    appearing on his consumer file ("Mixed Auto Claims").

10. The inaccurate reporting of the Mixed Auto Claims made it appear as if Plaintiff had a

    history of filing more insurance claims.

11. Among other examples of publication, LexisNexis reported the Mixed Auto Claims to an

    auto insurance company doing business as Progressive. This publication defamed Plaintiff,

    thereby:

    a.  Giving Progressive the false impression that Plaintiff was a poor risk.

    b.  Causing Progressive to deny Plaintiff's application for auto insurance.

    c.  Impugning Plaintiff's reputation and character.

    d.  Causing Plaintiff to suffer substantial emotional distress as described herein.

    e.  Causing Plaintiff to pay increased premiums for auto insurance.

---

[1] A mixed file refers to a situation in which one or more consumer reporting agencies mix or merge the information
of more than one consumer into a single consumer file.

*LexisNexis Dispute*

12. In or around March 2025, Plaintiff disputed the Mixed Auto Claims to LexisNexis.

13. LexisNexis, in turn, continued to report the disputed Mixed Auto Claims even though, had LexisNexis performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information. LexisNexis informed Plaintiff of its conclusion in dispute results dated April 24, 2025.

**Damages**

14. At all times pertinent hereto, the conduct of LexisNexis and its agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

15. In the alternative, the conduct of LexisNexis and its agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

16. LexisNexis, as a direct and proximate result of its unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to third parties.

17. LexisNexis' publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself through a variety of symptoms, including headaches, difficulty sleeping, frustration, and lack of appetite.

    b. Plaintiff was defamed by LexisNexis, which published false information about Plaintiff that damaged Plaintiff's reputation. Such defamation further contributed

to, among other things, Plaintiff's ongoing emotional distress.

c.  Plaintiff also suffered at least one denial and, upon information and belief, additional economic harm.

18. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

19. Because of Defendant's willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[2]

### CAUSE OF ACTION
### VIOLATIONS OF THE FCRA BY LEXISNEXIS
### (CONSUMER REPORTING AGENCY)

*Violations of FCRA § 1681e(b)*

20. LexisNexis violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because LexisNexis did not follow reasonable procedures to assure maximum possible accuracy of information it reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the Mixed Auto Claims.

*Violation of FCRA § 1681i*

21. LexisNexis violated FCRA § 1681i(a)(1) by failing to conduct a reasonable reinvestigation of the Mixed Auto Claims after Plaintiff disputed their accuracy to determine whether the Mixed Auto Claims were accurately reporting.

---

[2] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

22. LexisNexis violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's dispute of the Mixed Auto Claims.

23. LexisNexis violated FCRA § 1681i(a)(5) by failing to promptly delete the Mixed Auto Claims from its consumer file for Plaintiff despite the fact that LexisNexis, had it conducted a reasonable reinvestigation of Plaintiff's dispute, could not have affirmatively verified that the disputed information was accurate.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendant:

1.  Awarding against Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

2.  Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

/s/ James R. Ticchio
James R. Ticchio
Sherman & Ticchio PLLC
120 N. Main Street Suite 302B
New City, NY 10956
212-324-3874
james@st-legal.com
*Counsel for Plaintiff*